## JOSEPH P. SHEAFE *vs.* JOSEPH H. LOCKE.

Proof of a conditional contract by the defendant to pay the plaintiff at the rate of five hundred dollars a year for his services in buying and selling old metals, payable by dividing the net profits of the sales until the plaintiff's share should amount to that sum, with a provision that, if at any time he thought that his share was not likely to be so much, he might leave the work, will not support a declaration upon an absolute contract by the terms of which the plaintiff was to work one year, and the defendant was to pay him at the rate of five hundred dollars a year, payable whenever asked for.

HOAR, J. We fear that some mistake may have occurred in the allowance of the bill of exceptions in this case; but, as it is presented to us, the exceptions must be sustained and a new trial granted.

The court instructed the jury that, if they believed the evidence of the plaintiff as to what was the bargain, he might recover upon the second count, unless the jury found the parties to have been copartners.

The second count in the declaration is as follows : " The plaintiff says he entered into a contract with the defendant to work for him in buying and selling metals and tending his shop, and the defendant agreed to hire him in that capacity for one year from the 20th of June 1859, and to pay him at the rate of $500 a year, and to pay him whenever thereunto asked; but, after the plaintiff had worked for him from the 20th of June to the 5th of September, unjustly refused to pay him anything for nis services, and unlawfully discharged him." The plaintiff's evidence, in substance, was of a contract to work in buying and selling metals for one year from June 20 1859; that he was to have at the rate of $500 a year, payable in this way, namely, the parties were to buy and sell, and divide the net profits on each sale as fast as such sale was made till they amounted to $500 for the plaintiff's share, and if they amounted to that sum before the year was out, he was to work the rest of the year for nothing; and that, if at any time the plaintiff saw that he was not likely to get $500, he could leave; that one half the gross profits on sales to the 5th of September amounted to $104 ; and that, on the refusal of the defendant to make a satisfactory payment, the plaintiff then left, without objection on the defendant's part, and commenced this suit.

The declaration sets forth an absolute engagement at the rate of $500 a year, with a promise to pay the plaintiff his wages " whenever thereunto asked." The proof was of an agreement to pay one half the net profits of each sale until the whole sum paid should amount to $500, if they should amount to that sum within the year. The contracts are wholly different, and the proof does not correspond with the allegation.

If the circumstances under which the service of the plaintiff ended were such as to allow him to recover upon a *quantum meruit*, or a *pro rata* compensation under the contract, he could recover neither upon this count; because, 1. It is a count upon a special contract; and, 2. It is a count upon a different contract from that which the plaintiff's evidence would prove.

The other rulings of the court seem to have been correct; and but for the specific instruction, that the evidence would

authorize a verdict on the second count, the general verdict for the plaintiff might have been supported.

*Exceptions sustained*

*A. C. Clarke,* for the defendant.

*G. W. Searle,* for the plaintiff.